

2004 Decisions

**Opinions of the United States Court of Appeals for the Third Circuit**

10-19-2004

# Duff v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4528

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Duff v. Comm Social Security" (2004). *2004 Decisions.* Paper 209.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/209

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT
OF APPEALS
FOR THE THIRD CIRCUIT

NO. 03-4528

JOHN M. DUFF,
Appellant

v.

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY

On Appeal From the United States
District Court
For the Eastern District of Pennsylvania
(D.C. Civil Action No. 03-cv-00217)
District Judge:  Hon. Charles R. Weiner

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 5, 2004

BEFORE:  SLOVITER, BECKER and STAPLETON, Circuit Judges

(Opinion Filed October 19, 2004)

STAPLETON, Circuit Judge:

Appellant John M. Duff, Jr., appeals from a summary judgment entered in favor of the Commissioner of Social Security. Duff alleges that he has been unable to work since April of 2001 due to chronic physical pain in his right arm resulting from his employment as a data entry coordinator. Between May of 2000 and the conclusion of his hearings before an ALJ in February of 2002, Duff consulted a series of physicians, was the subject of numerous diagnostic studies, and underwent three operations. No consensus emerged as to the precise cause of the pain in Duff's right arm and that pain did not materially diminish as a result of the various treatments he received. The ALJ denied Duff's Supplemental Security Income claim, concluding that Duff retained the residual functional capacity to perform sedentary work with a sit-stand option. The Appeals Court denied review.

Before us, Duff insists that: (1) the ALJ failed to give appropriate weight to Dr. Hagert and Dr. VanSwearingen, treating physicians, and Ms. Singerman, a licensed physical therapist who treated Duff; (2) the finding that Duff retains the residual functional capacity to perform sedentary work is not supported by substantial evidence; and (3) the ALJ's rejection of Duff's testimony regarding totally disabling pain is

2

similarly unsupported.

We have carefully reviewed the opinion of the ALJ and, essentially for the reasons given in the District Court's thorough opinion, find each of these challenges to be without merit.

The judgment of the District Court will be affirmed.